Ejectment. — The plaintiff claimed under a grant for a pre-emption right. The defendant under another pre-emption right, for which a grant issued to the heirs of Murray. — The defendant claimed under the oldest entry, but the youngest grant. The question in this case depended upon the manner in which the surveys were made. At the time of Murray's survey, his heir-at-law was a minor, nor was he present when it was made, but it was proved to have been done by a surveyor, duly authorized.
After Murray's survey, as above, the survey of Blakemore was made, to include his improvement and calling to adjoin his survey. The heir of Murray came of age, and finding, as he suggested, that *Page 4 
his survey was not made agreeably to his entry, caused another survey to be made in such a manner as to include a part of Blakemore's land. Upon this second survey, Murray obtained a grant.
The question before the court and jury, was, whether another, or a resurvey could be made for Murray different from the first, so as to affect Blakemore's.
It appeared by the testimony of the surveyor of Blakemore's land, that he conformed his survey to Murray's, as it was the oldest, and called to adjoin it.
For the plaintiff, it was contended that the surveyor was a sworn officer, whose duties were prescribed by law, having no reference to the will of the enterer, except so far as it was expressed in the entry. The law had made it his duty to run out agreeably to the entry, "as nearly as may be" — he was sworn to do so, and consequently his opinion, whether the running was agreeable to entry must direct him.
The party entering, had no control over him, nor was he subject to his directions. So far from this, that the law had made it the duty of surveyors to survey within limited times; and in this direction, no reference is made to the will, or directions of the claimant.
There is another reason supporting this position. Our land law makes it the duty of surveyors, to survey the oldest entries first; this provision of the law would be nugatory if the surveyor were obliged to await the instructions of the claimant before he could survey.
If the surveyor was bound by law to make the survey independent of the will of the party, the claimant, though an infant, was bound by the survey.
It is not absolutely necessary to determine now whether in any case a resurvey can be made, when *Page 5 
the authority given the surveyor has been once executed.
A survey was once lawfully made, and if in any case a resurvey can be made, it could not in this, where it would affect a survey which adjoined the one first made.
The different acts of assembly, respecting the mode of obtaining titles to vacant land, must be construed in pari materia, 5 Com. Dig. 256. General usage may explain 5 Com. Dig. 256, R. 10, 11, 258, R. 16; directory acts of the legislature, 1 Bur. 332, 447; the reason of entries, Ird. Rev. 293, § 6; survey agreeable to entry, 483, § 7, 293, § 10, 448, § 19; as to the power or authority of surveyors, 294, § 10, 448, § 19, 293, § 5, 625, § 1, 540, § 6.
For the defendant it was insisted, 1st. That the first survey of Murray was not agreeable to his entry, and consequently he was entitled to have it corrected, so as to make it conformable to the entry.
2d. That the first survey was void, the surveyor having no authority to make it without the assent or direction of the claimant, which was wanting in this case; and had it been given, it would have been void on account of the infancy of the claimant.
The defendant's counsel argued that the first survey for Murray was void, not being agreeable to the entry, and if it were not lawful to make a second survey, the claim must be lost, for the act of assembly, Ird. Rev. 294 § 9, had rendered it of no effect, as not being conformable to the entry.
The counsel for the plaintiff, in reply, argued, that Ird. 294, § 9, referred to the 4th section of the same act, and to no other part of it, and that the 18th section, in page 296, goes great length in showing that this construction is correct. *Page 6 
Surveyors are officers of government, known as such to the law. Their duties are prescribed, not by individuals, but by the legislature; they are sworn to execute them to the best of their skill and judgment. The validity of their acts surely has no dependence on the will or directions of claimants.
If they mistake in running out land, so as not to conform to entries, hardships may sometimes arise; but it were much better that should be the case, than to suffer the weight of general inconvenience which would result from a contrary doctrine.
If a surveyor mistake in running out land, it seems reasonable to suppose that he may correct that mistake before a grant issues, but he is surely not competent to correct it, where such correction might injure a subsequent adjoining enterer, who perhaps had waited some time, in order to see in what manner the first entry was surveyed, so that he might adjoin in safety.
If a surveyor make a mistake in running out land, it does not render the survey and grant void; but in this, as well as in every other case, the exercise of an individual right should not be attended with injury to innocent men, who have conformed to the requisitions of the law.[1] Verdict for the Plaintiff.
[1] Add. 250; 4 Dall. 218.